*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Contempt of WENDY BARNWELL.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WENDY BARNWELL,

Defendant-Appellant.

UNPUBLISHED
November 14, 2024
1:43 PM

No. 366632
Wayne Circuit Court
LC No. 23-002270-01-AS

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order finding her guilty of criminal contempt. We vacate the trial court's order and remand for a hearing before a different judge.

Defendant is an attorney. On May 9, 2023, she was scheduled to represent clients in two different criminal proceedings before the Wayne County Circuit Court: one client in a final conference before the instant trial court, and another client in a jury trial before a different judge. Defendant checked in with the trial court in the morning and gave notice that she was in the courthouse but would be in a jury trial. Her client was present in the trial court's courtroom for most of the day awaiting the conference but had to leave in the afternoon before his case was called. After defendant's jury trial concluded at around 4 p.m., she returned to the trial court's courtroom. Unable to find her client, defendant stepped into the hallway to call him, but was summoned back into the courtroom by the deputies because the trial court had called the client's case.

On the record, defendant answered the trial court's questions about how the day had unfolded and where her client had gone, all while also talking to her client on the phone through a Bluetooth headset and receiving answers to the judge's questions from him. At one point during this colloquy, defendant said, "Let me move [away] from this mic," and then said to her client, "Oh, he's crazy." The trial court asked defendant what she had just said and defendant replied, "I

said, this guy's crazy." The trial court then rescheduled the final conference for May 11, 2023 and ended the proceeding.

Defendant and the parties to the underlying criminal case appeared before the trial court again on May 11, 2023 for the rescheduled final conference. The parties first discussed a plea offer and scheduling matters, but near the end of the hearing, the trial court stated that it wanted to address what happened on May 9, 2023. Defendant acknowledged that she made the statement referring to the judge as crazy and apologized to the trial court. The trial court then found defendant guilty of criminal contempt of court and fined her $300. Prior to making its finding that defendant was guilty of criminal contempt, the trial court gave no notice that defendant was being charged with contempt or that it intended to hold a contempt hearing.

On appeal, defendant argues that the trial court committed reversible error by presiding over the deferred contempt hearing because she was entitled to a hearing before a different judge.[1] We agree.

"Contempt of court is a willful act, omission, or statement that tends to impair the authority or impede the functioning of a court." *In re Contempt of Murphy*, 345 Mich App 500, 503; 7 NW3d 72 (2023) (quotation marks and citation omitted). A court has both inherent and statutory authority to punish a person for contempt of court. See MCL 600.1701 *et seq.*; *In re Moroun*, 295 Mich App 312, 330; 814 NW2d 319 (2012). Contempt can be either criminal or civil in nature, *id*. at 329, though this case involves only criminal contempt. Contempt can also be either direct or indirect. Direct contempt is committed "in the immediate view and presence of the court," and "the court may punish it summarily by fine, or imprisonment, or both." MCL 600.1711(1).[2] This option for summary punishment is available because "[i]nstant action may be necessary where the misbehavior is in the presence of the judge and is known to him, and where immediate corrective steps are needed to restore order and maintain the dignity and authority of the court." *People v Kurz*, 35 Mich App 643, 658; 192 NW2d 594 (1971) (quotation marks and citation omitted). However, "[t]he contempt power is limited by necessity and extends only to the least possible power adequate to the end proposed," and "[w]here the contumacious behavior does not require an immediate response, there is no need to sacrifice traditional procedural safeguards." *In re Contempt of Scharg*, 207 Mich App 438, 439-440; 525 NW2d 479 (1994). Accordingly, "in every case where a judge defers consideration of a contempt citation . . . the charges must be considered

---

[1] Defendant also argues that there was insufficient evidence to support the trial court's contempt finding and that the trial court violated defendant's right to due process because she was not provided notice of the criminal contempt charges or an opportunity to be heard. Because we vacate and remand for a new hearing, it is not necessary to address the additional arguments raised by defendant.

[2] When the contumacious conduct occurs outside the immediate view and presence of the court, it is considered indirect contempt, and the option for summary punishment is not available. *In re Contempt of Murphy*, 345 Mich App 500, 503-504; 7 NW3d 72 (2023). Instead, a court may punish indirect contempt " 'by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend.' " *Id*. at 504, quoting MCL 600.1711(2).

and heard before another judge." *Id*. at 440 (quotation marks and citation omitted). This holds true "regardless of the actual objectivity of the court" before which the conduct at issue occurred. *Id.* at 441.

The law thus makes the outcome here clear. This case deals with direct contempt because the conduct at issue occurred in the immediate view and presence of the trial court. The trial court opted to defer consideration of contempt regarding that conduct until a later date. Under these circumstances, "there [was] no need to sacrifice traditional procedural safeguards," and another judge was required to preside over the deferred contempt proceedings. *Id.* at 439-440.

The trial court's order is vacated and the case is remanded for a hearing before a different judge. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani